## Charles Pauly and Edward C. Pauly, copartners, Appellants, v. Madison County, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 17, 1916. Rehearing denied May 25, 1916.

### Statement of the Case.

Action by Charles Pauly and Edward C. Pauly, copartners, plaintiffs, against Madison County, defendant, to recover compensation for services as architects in preparation of plans and specifications for a courthouse. From a judgment for defendant, plaintiffs appeal.

D. H. MUDGE, for appellants.

J. F. GILLHAM and J. F. EECK, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. COUNTIES, § 29*—*when presumed that meetings of board of supervisors properly convened.* It will be presumed that the members of a county board of supervisors, as public officers, have done their duty, that their meetings were properly convened and at the time designated by law.

2. COUNTIES, § 29*—*what degree of exactness in procedure required of county board of supervisors at meetings.* All reasonable liberality must be accorded to meetings of a county board of supervisors relative to the technicalities of procedure, and the mere fact that there was no formal motion or resolution expressly authorizing a building committee to contract for plans and specifications for a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

county building cannot affect the rights of the parties to such contract.

3. COUNTIES, § 57*—*what constitutes ratification of act of committee of board of supervisors in making contract ,for public building*. Where the report of a building committee of a board of supervisors recommending improvements to a county building and the employment of an architect is adopted by the board of supervisors, and the building committee, believing that such adoption confers power upon it to act, procures the services of an architect, the action of the board at a subsequent meeting in adopting their report constitutes a ratification of their acts.

4. CONTRACTS, § 188*—*when acts of parties controlling in construing contract*. Where the proper interpretation of a contract or other writing is in issue, the parties will be held to that interpretation which they themselves have placed upon it, and their acts may be shown to determine such interpretation.

5. COUNTIES, § 60*—*how contract may be made with county*. A contract may be made with a county by its board of supervisors acting through a properly constituted committee or agent.

6. PRINCIPAL AND AGENT, § 187*—*when acts of agent beyond scope of authority deemed ratified*. Where an agent acts without authority, or where he transcends his authority, it is the duty of the principal to repudiate the act as soon as he has been fully informed of what has been done in his name by the agent, else he will be bound by the act as having ratified it by implication.

7. CONTRACTS, § 177*—*when construed to carry into effect intention of parties*. Contracts should be so construed as to carry into effect the intention of the parties where such intention may be ascertained and given effect without doing violence to the language used.

8. CONTRACTS, § 329*—*when departure from terms of contract occasioned by party's own act no defense*. Where one party to a contract, either directly or by implication, induces or causes the other party to depart from the letter and terms of the contract in his performance thereof, he cannot predicate a defense upon such departure or variance.

9. COUNTIES, § 57*—*when evidence sufficient to show implied acceptance of building plans and specifications*. In an action by architects against a county to recover for the making of plans and specifications for a new courthouse, where it appeared that the board of supervisors at a meeting ratified a report of a building committee recommending the employment of an architect, and that apparently only the question of making improvements to the existing courthouse was considered at such meeting, but, after presenta-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Pauly et al. v. Madison County, 199 Ill. App. 225.

tion of resolutions to the board by citizens protesting against the remodeling of the existing building and requesting an entirely new building, at a subsequent meeting of the board, the committee directed the architects to make plans for a new building and the plans were prepared and presented by the committee at a subsequent meeting and retained by the board without objection or criticism thereto, evidence *held* sufficient to establish a recognition and implied acceptance of the plans and specifications.

10. COUNTIES, § 25*—*when may ratify acts defectively done.* Where a county has power originally to do a certain thing, it has the power to ratify and make valid an attempted effort to do the same thing, although the same may have been done defectively, informally, and even fraudulently, in the first instance.

11. COUNTIES, § 57*—*when county liable to architect for preparation of plans and specifications for county building.* A county which has impliedly accepted plans and specifications for a new courthouse procured by its committee by retaining them without objection or criticism is liable for the reasonable value of the services of the architect preparing the same, although it had previously only authorized the preparation of plans and specifications for the remodeling of the existing building.

HIGBEE, J., dissenting.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.